IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLES MACKEY, | : | |
| Plaintiff | : | |
| VS. | : | |
| GDOC Commissioner JAMES DONALD, | : | |
| Autry Warden THOMAS AMMONS, | : | |
| Autry Deputy Warden KEITH JONES, | : | |
| Fire Chief DERRIS DELK, MITCHELL | : | NO. 1:08-CV-46 (WLS) |
| CO., GA, and SHEVONDAH FIELDS, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **CHARLES MACKEY** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

1

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff is now incarcerated at Augusta State Medical Prison. He has submitted a rambling 47 page complaint regarding alleged unsafe conditions at Autry State Prison ("Autry"), where plaintiff was previously confined. Plaintiff's allegations center around Autry's failing to provide adequate fire and smoke protection features, including fire escapes, smoke detection, and exhaust systems. Further, according to plaintiff, from July 12-16, 2007, the electronic device controlling cell doors was out of order, thereby creating an undue risk of injury to the prisoners should there have been a fire. Plaintiff does not allege that any fires actually occurred while he was incarcerated at Autry. Plaintiff does state, however, that the inadequate exhaust system resulted in his suffering severe headaches and nausea due to smoke arising from area wildfires during April and May 2007.

2

Plaintiff additionally complains that he filed numerous grievances regarding defendants' failure to maintain adequate fire and smoke protection systems, but all grievances and appeals were denied.

Plaintiff files this action seeking declaratory relief and damages.

## III. DISCUSSION

As an initial matter, the Court notes that plaintiff's claims for declaratory relief are now moot because plaintiff is no longer incarcerated at Autry. The Eleventh Circuit Court of Appeals has held that, "The general rule is that a prisoner's transfer or release from jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega County, Alabama*, 745 F. 2d 1360,1363 (11th Cir. 1984). The only claims that remain to be addressed are plaintiff's damages claims.

To the extent plaintiff complains that his institutional grievances and appeals were not handled properly by prison officials, the Eleventh Circuit Court of Appeals has held, "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Therefore, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983. Accordingly, it is **RECOMMENDED** that plaintiff's grievance claims be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after

3

being served with a copy of this order.

Plaintiff's allegations regarding fire protection, including that automatic cell doors were not functioning for four days, are insufficient to support an Eighth Amendment claim. Plaintiff merely speculates as to what might happen if a fire were to occur. Notably, plaintiff is no longer housed in this environment, and he also has failed to specify any injuries that he personally has suffered as a result of allegedly potential fire violations. *See e.g., Harrison v. Smith*, 83 Fed. Appx. 630 (5th Cir. 2003) (plaintiff's claim that his cell door had to be opened manually, such that he had to wait to be released each day and, on one occasion, was locked in his cell for over four hours, does not state a constitutional claim). Accordingly, it is **RECOMMENDED** that plaintiff's fire protection claims be **DISMISSED**

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

In contrast to plaintiff's fire protection and cell door claims, plaintiff alleges that he suffered actual injury as a result of the inadequate exhaust system at Autry failing to remove wildfire smoke from the prison for a period of approximately two months. Construing the complaint liberally in favor of plaintiff, the Court cannot determine that such a claim is frivolous.

The only defendants who appear to have control over Autry's ventilation system are Commissioner James Donald, Autry Warden Thomas Ammons, and Autry Deputy Warden Keith Jones. Therefore, the Court will allow plaintiff's allegedly inadequate exhaust system claim to go

4

forward against these three defendants.

Having asserted no valid claims against Fire Chief Derris Delk, Mitchell County, Georgia, and Georgia Department of Corrections Manager of Inmate Affairs and Appeals Shevondah Fields, it is **RECOMMENDED** that they be **TERMINATED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

## *VI. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's inadequate exhaust system claim go forward against defendants Donald, Ammons, and Jones. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 5th day of May, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE