IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES MACKEY, | |
| Plaintiff | |
| VS. | NO. 1:08-CV-46 (WLS) |
| GDOC Comm'r. JAMES DONALD, *et al.*, | |
| | PROCEEDING UNDER 42 U.S.C. §1983 |
| Defendants | BEFORE THE U.S. MAGISTRATE JUDGE |

## MODIFIED RECOMMENDATION

The defendants herein have filed a pre-answer motion seeking the dismissal of this action. Tab #24. The plaintiff filed this action in April 2008, challenging various conditions of confinement at Autry State Prison. Certain claims and defendants were recommended dismissed on May 5, 2008, and plaintiff's claim that he suffered actual injury as a result of the inadequate exhaust system at Autry was allowed to proceed. On February 6, 2009, the court granted defendants' Motion for a More Definite Statement, directing the plaintiff to file a concise, maximum ten (10) page statement of his claim(s).

The plaintiff filed a more concise statement of his claim(s) on February 27, 2009. Tab #23. The plaintiff asserts that while confined at Autry State Prison, he was

> *denied adequate . . . smoke protection features, [in the form of] exhaust systems that resulted in his suffering severe headaches and nausea due to smoke arising from area wildfires during April 2007 to May 2007.*

Plaintiff's Brief at Tab # 27, p. 2.

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 545 (2007).

> *To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.*

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The defendants assert that the plaintiff has failed to state a valid Eighth Amendment claim, in that his claims do not involve a serious medical need and the defendants' actions did not amount to deliberate indifference. Furthermore, the defendants contend that plaintiff's official capacity claims fail and that they are protected by the doctrine of qualified immunity.

*Official capacity claims*

To the extent that the plaintiff brings his claims against these defendants in their official capacities, the defendants are entitled to the granting of their Motion to Dismiss. A suit brought against these defendants in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983. *Will v. Michigan Dep't. of State Police*, 109 S.Ct. 2304 (1989).

*Deliberate indifference*

In order to establish a claim of deliberate indifference to a serious risk of harm, a plaintiff must satisfy a two-step process. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.*"  Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Although the plaintiff's claims of deliberate indifference to a serious threat of harm may ultimately fail against a properly supported summary judgment motion, at this stage of the proceedings, reviewing the defendants' Motion to Dismiss, the court cannot conclude that Plaintiff's complaint, with all factual allegations accepted as true, fails to state a plausible claim for relief. "A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint." *Gantt v. City of Forsyth*, 2007 WL 2986406 (M.D.Ga.) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Qualified immunity*

Similarly, in regard to the defendants' argument that they are entitled to qualified immunity, the court cannot say at this juncture that the plaintiff can prove no set of facts in support of his claims of deliberate indifference that would entitle him to relief. "Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (2009). The defendants, who assert the defense of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, "'are entitled to qualified immunity at this stage in the proceedings if [Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right.'" *Santamorena v. Georgia Military College*, 147 F.3d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir.

3

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'" *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)).  "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." *Id.* at 2516.

In the context of the defense of qualified immunity asserted on a 12(b)(6) motion to dismiss, there must be a failure by the plaintiff to set forth a clearly established constitutional violation in order for the protection of qualified immunity to attach.  Plaintiff's complaint clearly sets forth such violations, to wit, deliberate indifference to a serious threat of harm.  In the context of the standard governing motions to dismiss, it remains possible for the plaintiff to prove that the defendants acted with deliberate indifference to a serious threat of harm.  The court notes that

> *[t]he question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk . . . for reasons personal to him or because all prisoners in his situation face such a risk.*

*Farmer*, 114 S.Ct. at 1982.

Although a summary judgment motion may result in a different conclusion, the standard governing motions to dismiss will not allow the conclusion at this point in the proceedings that the plaintiff has failed to present more than a "sheer possibility" that the defendants acted unlawfully. *Ashcroft*, 129 S.Ct. at 1949.  Accordingly, it is the recommendation of the undersigned that defendants' Motion to Dismiss be GRANTED in regard to plaintiff's official capacity claims, and DENIED in regard to the remainder of plaintiff's claims.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) days** of receipt thereof.

SO RECOMMENDED, this 7th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE