IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES MACKEY, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:08-CV-46 (WLS) |
| GDOC Commissioner JAMES DONALD, *et al.*, | : |
| Defendants. | : |

**ORDER**

Before the Court are two Report and Recommendations from two United States Magistrate Judges, filed May 5, 2008 and January 7, 2010, respectively. (Docs. 7, 35).

First, the May 5, 2008 Recommendation by United States Magistrate Judge Richard L. Hodge recommends that Plaintiff's Complaint (Doc. 3) be dismissed as to all of Plaintiff's claims and all of the named Defendants *except for* Plaintiff's allegedly inadequate exhaust system claim against Defendants Donald, Ammons, and Jones. (Doc. 7 at 4-5). Plaintiff timely filed an Objection to the May 5, 2008 Recommendation. (Doc. 11).

Second, the January 7, 2010 Recommendation by United States Magistrate Judge Claude W. Hicks., Jr. recommends that Defendants' Pre-Answer Motion to Dismiss (Doc. 24) be granted as to Plaintiff's official capacity claims and denied as to the remainder of Plaintiff's claims. (Doc. 35 at 5). The January 7, 2010 Recommendation is captioned as a "Modified Recommendation," because the initial Recommendation (Doc. 32), entered December 21, 2009, was modified by Judge Hicks following review of Defendants' January 4, 2010 Objection thereto (Doc. 33). (*See* Doc. 34 (January 7, 2010 Order by Judge Hicks vacating December 21, 2009

1

Recommendation and replacing it with January 7, 2010 Modified Recommendation)).  Plaintiff had also filed an Objection, on January 7, 2010, to the December 21, 2009 Recommendation.  (Doc. 36).  To date, however, no Objection has been filed by either Party to the January 7, 2010 Modified Recommendation.  (*See* Docket).

For the following reasons, the objections set forth in Plaintiff's Objection to the May 5, 2008 Recommendation (Doc. 11) are **OVERRULED** and United States Magistrate Judge Hodge's May 5, 2008 Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Plaintiff's Complaint (Doc. 3) is **DISMISSED WITHOUT PREJUDICE** as to Defendants Derris, Fields, and Mitchell County, Georgia, who are all **TERMINATED** as Defendants in the above-captioned case.  Furthermore, the claims raised in Plaintiff's Complaint (Doc. 3) regarding (i) his institutional grievances and appeals, and (ii) fire protection are **DISMISSED WITHOUT PREJUDICE** as to the remaining Defendants Donald, Ammons, and Jones.  The above-captioned case shall go forward against Defendants Donald, Ammons, and Jones regarding the allegedly inadequate exhaust system claim raised in Plaintiff's Complaint (Doc. 3).

Additionally, United States Magistrate Judge Hicks's January 7, 2010 Modified Report and Recommendation (Doc. 35) – to which no Objection has been entered – is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.  Accordingly, Defendants' Pre-Answer Motion to Dismiss (Doc. 24) is **GRANTED** as to Plaintiff's official capacity claims and is **DENIED** as to the remainder of Plaintiff's claims.  The above-captioned case shall go forward against Defendants Donald, Ammons, and Jones.

**I.     May 5, 2008 Recommendation (Doc. 7)**

Plaintiff filed his *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on April 3, 2008.  (Doc. 3).  Because the Complaint was filed by a prisoner against a governmental entity or its employees, Judge Hodge was required to review the Complaint for certain infirmities listed at 28 U.S.C. § 1915(e)(2).  Judge Hodge's May 5, 2008 Report and Recommendation recommended that, as to all of Plaintiff's claims and all of the named Defendants *except for* Plaintiff's allegedly inadequate exhaust system claim against Defendants Donald, Ammons, and Jones, the Complaint was either frivolous or failed to state a claim upon which relief may be granted.  (Doc. 7 at 3-5).

As to Plaintiff's claims that his institutional grievances and appeals were not handled properly by prison officials, Judge Hodge found that Eleventh Circuit caselaw precluded such claims under § 1983.  (*Id.* at 3).  Judge Hodge quoted the Eleventh Circuit's Dunn v. Martin decision, in which the Circuit held that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."  178 Fed. App'x 876, 878 (11th Cir. 2006); *see also* Baker v. Rexroad, 159 Fed. App'x 61, 62 (11th Cir. 2005) ("Because the failure … to take corrective action upon the filing of [the prisoner's] administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that [the prisoner] failed to state a claim under § 1983.").

Plaintiff's Objection quotes the Dunn v. Martin excerpt, and the associated text in Judge Hodge's Recommendation, repeatedly in separate sections.  (Doc. 11 at 3-4, 5, 7).  Following each instance of this recital – brought in separate "Points" as to Defendant Delk, Defendant Mitchell County, and Defendant Fields – Plaintiff states that "the above authorities does not limit availability of the Plaintiff claims for violation of his constitutional rights or constitutional

3

deprivation occurred as a direct result of its official polices or customs." (*Id.* at 4, 5, 7-8). This "policy or custom" argument paired with repeated references to "municipal liability" in the Objection makes it clear to this Court that Plaintiff is attempting to simply summon a phrase to defeat Judge Hodge's sound legal argument regarding Plaintiff's claims to which dismissal is recommended.  Fatal to Plaintiff's Objection is the fact that its is the State of Georgia, not a municipality, that is the government entity in control of Autry.  The Court therefore finds that Plaintiff's Objection (Doc. 11) fails to rebut the legally sound recommendation of Judge Hodge.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 11) are **OVERRULED** and United States Magistrate Judge Hodge's May 5, 2008 Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED** and made the Order of this Court. Plaintiff's claims for declaratory relief are **DISMISSED WITHOUT PREJUDICE** as moot; Plaintiff's claims regarding his institutional grievances and appeals are **DISMISSED WITHOUT PREJUDICE** as not actionable under § 1983; and Plaintiff's claims regarding fire protection at Autry are **DISMISSED WITHOUT PREJUDICE** as failing to state an Eighth Amendment violation.  Additionally, Defendants Delk, Mitchell County, and Fields are **TERMINATED** as Defendants in the above-captioned case.  Finally, Plaintiff's claim of an actual injury from the allegedly inadequate exhaust system at Autry is **ORDERED** to **PROCEED** against the only Defendants who might have had control over said exhaust system: Defendants Donald, Ammons, and Jones.

## II.      January 7, 2010 Modified Recommendation (Doc. 35)

Judge Hicks's January 7, 2010 Modified Report and Recommendation recommends that Defendants' Pre-Answer Motion to Dismiss (Doc. 24) be granted as to Plaintiff's official capacity claims and denied as to the remainder of Plaintiff's claims. (Doc. 35 at 5).  To date, no

4

objection has been filed to the January 7, 2010 Modified Recommendation.[1]  (*See* Docket). Upon full review and consideration upon the record, the Court finds that the January 7, 2010 Modified Report and Recommendation (Doc. 35) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.

Accordingly, the official capacity claims raised against Defendants Donald, Ammons, and Jones in Plaintiff's Complaint (Doc. 3) are **DISMISSED WITH PREJUDICE** because they are ostensibly claims against the State of Georgia to which the State enjoys sovereign immunity. The above-captioned action shall proceed against Defendants Donald, Ammons, and Jones with regard to the remainder of Plaintiff's claims.

**SO ORDERED**, this 31st day of March, 2010.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1]  Out an abundance of caution, the Court has reviewed Plaintiff's Objection (Doc. 36) to the initial December 21, 2009 version of the Recommendation (Doc. 32).  The Objection does no more than continue Plaintiff's previously failed argument regarding "municipal liability."  The Court therefore finds that Plaintiff's Objection (Doc. 36) fails to rebut the legally sound recommendation of Judge Hicks in both the December 21, 2009 Recommendation (Doc. 32) and the January 7, 2010 Modified Recommendation (Doc. 35).  Accordingly, the objections set forth in Plaintiff's Objection (Doc. 36) are **OVERRULED**.