IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES MACKEY, | : |
| Plaintiff, | : |
| VS. | : 1 : 08-CV-46 (WLS) |
| GDOC Comm'r. JAMES DONALD, *et al*., | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the Defendants' Motion for Summary Judgment. (Doc. 45). The Plaintiff filed this action in April 2008, raising various claims regarding the conditions of his confinement at Autry State Prison. Plaintiff's claims were ultimately limited to allegations that the Plaintiff "suffered actual injury as a result of the inadequate exhaust system at Autry [State Prison] failing to remove wildfire smoke from the prison for a period of approximately two months", against Defendants Georgia Department of Corrections Commissioner James Donald, Autry Warden Thomas Ammons, and Autry Deputy Warden Keith Jones. (Doc. 7, pp. 4-5). In responding to an Order requiring a more definite statement, the Plaintiff set out allegations that specific policies regarding fire and smoke protection within the Autry prison system, as well as the individual Defendants' knowledge of a risk of harm from the smoke and inadequate ventilation system, form the basis for the Defendants' liability for Plaintiff's wildfire smoke exposure claims. (Doc. 23).

By Order dated July 22, 2011, the undersigned notified the Plaintiff of the filing of the Defendants' Motion for Summary Judgment, advised him of his obligations under the law, and

directed him to respond thereto within thirty (30) days of the date of the Court's Order.[1]  (Doc. 47).  The Plaintiff has failed to respond to the Defendants' motion.

## *Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the

---

[1] Both the Defendants' Motion for Summary Judgment and the Court's Notification Order were served on the Plaintiff at the last address provided by the Plaintiff.  *See* Docs. 45, 47, 48, and accompanying certificates of service.

movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

## *Discussion*

The Defendants "may be held liable under the Eighth Amendment for denying humane conditions of confinement only if [they know] that inmates face a substantial risk of serious harm and [disregard] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[T]he Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison. 'Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care'". *Hernandez v. Florida Dep't. of Corr.*, 281 Fed. Appx. 862, 865 (11th Cir. 2008) (quoting *Farmer*, 511 U.S. at 832. However, "[t]he Constitution . . . 'does not mandate comfortable prisons', and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337 (1981)).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. We have said that among unnecessary and wanton inflictions of pain are those that are totally without penological justification. In making this determination in the context of prison conditions, we must ascertain whether the officials involved acted with 'deliberate indifference' to the inmates' health or safety. We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal citations omitted).

The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) ). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the Defendants' deliberate indifference to that risk; and (3) causation*.*" *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The Defendants have supported their Motion for Summary Judgment with their affidavits, the Plaintiff's deposition testimony, portions of the Plaintiff's prison medical, movement, and grievance histories, and certain Georgia Department of Corrections Standard Operating Procedures. (Docs. 44-1, 46-1, 46-2, 46-3, 46-4). The Defendants maintain that Plaintiff's claims do not establish a serious risk of harm to the Plaintiff, or resulting serious medical need, from the alleged wildfire smoke exposure, and that Plaintiff cannot establish Defendants' deliberate indifference to any such exposure.

During the months of April and May 2007, Plaintiff was housed in the K-2 dormitory at Autry State Prison in Pelham, Georgia. In his deposition testimony, the Plaintiff testifies that during that time period, smoke from area wildfires built up in the K-2 building due to the building's inadequate exhaust system, causing Plaintiff nausea, headaches, and breathing problems. (Doc. 44-1, pp. 13-14). Based on Plaintiff's own inspection of the Autry buildings, he concludes that the K-2 building had only one exhaust "system", while other prison buildings had three exhaust "systems". *Id.* at p. 17. Plaintiff contends that the exposure to wildfire smoke in Building K-2 violated the fire safety policy of the Georgia Department of Corrections, for which Defendant Donald was responsible, and Defendants Ammons and Jones failed to correct

the violations. *Id.* at pp. 21-25.

In support of their summary judgment motion, the Defendants testify in their affidavits that they were unaware of wildfires or wildfire smoke in the area of Autry State Prison during the time period in question, and that routine safety and fire standards were in place at the prison during that time.

Defendant Jones testifies that as Deputy Warden of Care and Treatment at Autry State Prison during April and May 2007, he was unaware of any wildfires or smoke in the immediate area of the prison, but was aware of wildfires in the Waycross, Georgia area at that time, approximately two (2) hours away from the prison. (Doc. 46-1, ¶¶ 4, 9-10).  According to Jones, "[b]ecause the environment and area surrounding Autry was not impacted, at no time were Autry prison officials required to implement any evacuation plan or measures to address environmental hazards such as smoke." *Id.* at ¶ 11.  Defendant Jones testifies that all of the prison dormitories were inspected daily by the Warden and other prison staff for compliance with safety policies and department procedures, and that Jones did not detect the presence of wildfire smoke in the K-2 building during any of these inspections in April and May 2007. *Id.* at ¶¶ 12-13.  Jones' review of the Plaintiff's grievance history does not reveal a grievance filed by Plaintiff regarding wildfire smoke exposure, and Jones did not receive any complaints or grievances from other inmates regarding exposure to wildfire smoke. *Id.* at ¶ 16.

Defendant Donald testifies that he served as the Commissioner of the Georgia Department of Corrections during April and May 2007, and was responsible for the oversight and supervision of prison-wide environmental health, safety procedures, building maintenance and prevention of fire and safety hazards.  (Doc. 46-2, ¶¶ 4-5).  Defendant Donald testifies that he is unaware of any wildfires in the area of Autry State prison during April and May 2007, and that no special provisions were made in the prison for wildfire smoke during that time. *Id.* at ¶ 9. Defendant Donald's designee investigated and responded to a grievance filed by the Plaintiff

regarding Autry's building specifications, although this grievance does not reference alleged exposure to wildfire smoke during April and May 2007. (Doc. 46-2, Exh. C, Doc. 46-3, Exh. B).

Finally, Defendant Ammons testifies that as the Warden at Autry State Prison during April and May 2007, he monitored and supervised the daily operation of the prison, and was responsible for the implementation and supervision of department policies and procedures. (Doc. 46-3, ¶¶ 3-4). Ammons conducted daily inspections of the prison, but does not recall wildfires in the vicinity of the prison during April and May 2007. *Id.* at ¶¶ 5, 9. Ammons does recall wildfires in the Waycross, Georgia area during that time period, some 130 miles away from Autry State Prison, but which did not require any protective measures to be taken at the prison. *Id.* at ¶ 10. In July 2007, Ammons received a grievance from the Plaintiff, complaining that the K-2 dormitory was hazardous due to the fire escape, stairway, and smoke exhaust system. *Id.* at ¶ 14. Ammons denied the grievance, responding that the prison was "built to specification and approved by engineers, contractors, and the State Fire Marshall prior to occupation. Further, a monthly fire inspection was conducted by a certified fire inspector." *Id.* at ¶ 15.

According to his deposition testimony, the Plaintiff did not seek medical treatment for any of the conditions allegedly resulting from the smoke exposure. Plaintiff testified as follows regarding medical treatment for his conditions:

> Q: How long did you have nausea?
>
> A: From about — for about two months, as long as it last.
>
> Q: How long did you have headaches?
>
> A: For about two months.
>
> Q: How many visits did you make to the infirmary?
>
> A: I didn't make none.
>
> Q: You didn't go at all?

>    A:  No, ma'am.
>
>    . . .
>
>    A:  Because my claim was not a medical claim, my claim was a security claim.  That's why I didn't go to medical.

Doc. 44-1, pp. 17, 18-19.

Plaintiff's medical records show that the Plaintiff was seen in medical on eighteen (18) different dates between April and December 2007, but none of the treatment notes document complaints from the Plaintiff regarding smoke inhalation or any treatment for smoke-related conditions. (Doc. 46-4).

"[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  In either of these situations, the medical need must be one that, if left unattended, pos[es] substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243-1244 (11th Cir. 2003) (internal citations omitted).  The condition about which the Plaintiff complains, to wit, exposure to wildfire smoke inside a prison building due to an allegedly inadequate exhaust system, does not rise to the level of an Eighth Amendment violation. Plaintiff's allegations of suffering nausea, headaches, and difficulty breathing do not establish serious medical needs under the definition provided in *Farrow*, especially in light of the Plaintiff's admitted failure to seek medical treatment for the alleged conditions.

Moreover, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort.  The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).  Each Defendant has testified to a complete lack of knowledge as to any

wildfire smoke exposure in the K-2 dormitory during April and May 2007, despite daily inspections at the prison.  Moreover, as admitted by the Plaintiff, the Plaintiff did not seek medical treatment for any smoke-related medical conditions.  The Plaintiff has failed to allege or establish any facts suggesting that the Defendants were subjectively aware of a significant risk of harm from wildfire smoke in the prison buildings.  As such, the Plaintiff has failed to state a claim for relief against the Defendants under § 1983.  *Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005) (prisoner's self-serving statements regarding poor ventilation system did not establish deliberate indifference of prison officials); *Caldwell v. Gibson*, 2009 WL 3152173 (N.D.Ga.) (plaintiff failed to establish claim under § 1983 where he made no allegations suggesting defendants were subjectively aware of significant harm posed by paint fumes in jail).

Accordingly, it is the recommendation of the undersigned that the Defendants' Motion for Summary Judgment be **GRANTED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this  4th day of January, 2012.


s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE


asb